*Butts v. Kelch et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> *Circuit Judges*.

———————————————————————

CANDACE A. BUTTS,

> *Plaintiff-Appellant*,

> v.                                                    25-0481

EUGENIA KELCH, THERESA DAVIS, NEW YORK CITY DEPARTMENT OF EDUCATION, UNITED FEDERATION OF TEACHERS, STELLA INSERRA, RYAN WELCH, WILLIAM KALOGERAS,

> *Defendants-Appellees*.

———————————————————————

| | |
|---|---|
| For Plaintiff-Appellant: | KENECHUKWU C. OKOLI, Law Office of K.C. Okoli, P.C., New York, NY. |
| For Defendants-Appellees Eugenia Kelch, Theresa Davis, New York City Department of Education: | JONATHAN A. POPOLOW (Richard P. Dearing, Deborah |

A. Brenner, *on the brief*), *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY.

For Defendants-Appellees
United Federation of Teachers,
Stella Inserra, Ryan Welch,
William Kalogeras:

ARIANA A. DONNELLAN (Robert T. Reilly, *on the brief*), Law Office of Robert T. Reilly, New York, NY.

Appeal from orders of the United States District Court for the Eastern District of New York (Orelia E. Merchant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court, entered on September 30, 2024, and February 4, 2025, are **AFFIRMED**.

Plaintiff-Appellant Candace A. Butts ("Butts") appeals from an order of the United States District Court for the Eastern District of New York (Merchant, *J.*), entered on September 30, 2024, dismissing her federal claims against Defendants-Appellees New York City Department of Education ("DOE"), Eugenia Kelch, Theresa Davis, United Federation of Teachers ("UFT"), Stella Inserra, Ryan Welch, and William Kalogeras, and the district court's February 4, 2025 order denying her motion for reconsideration. On appeal, Butts argues that (1) the district court erred in determining that she failed to state claims against Defendants-Appellees Kelch and Davis for discrimination, hostile work environment, and retaliation,[1] and (2) the district court was required to remand her claims pursuant to the Labor Management Relations Act, 29 U.S.C. §§ 185-188

---

[1] Butts has waived her challenge to the district court's dismissal of her claims against the DOE for discrimination, hostile work environment, and retaliation because she fails to address these claims sufficiently in her briefs. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Even assuming *arguendo* that her claims against the DOE were not waived, she has failed to state a Section 1983 claim against the DOE because she has not alleged a municipal policy, custom, or practice. *See Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983) ("[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.").

("LMRA") to state court.[2]  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6), accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor.  *See Kuck v. Danaher*, 600 F.3d 159, 162 (2d Cir. 2010).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[3]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## I.      The Discrimination and Hostile Work Environment Claims Against Kelch and Davis

For a Section 1983 discrimination claim to survive a motion to dismiss, "absent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).  We agree with the district court that Butts has not sustained her "minimal burden of showing facts suggesting an inference of discriminatory motivation." *Id*. (emphasis removed). Therefore, the district court

---

[2] With respect to Defendants-Appellees UFT, Stella Inserra, Ryan Welch, and William Kalogeras, Butts' brief on appeal challenges the dismissal of her LMRA claims, which she argues should have been remanded to state court.  At oral argument, her counsel made clear that Butts has abandoned all other claims against the UFT and these individuals.

[3] Citing *Swierkiewicz v. Sorema N.A*., 534 U.S. 506 (2002), Butts contends that a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. She describes an obsolete pleading standard that preceded *Twombly's* and *Iqbal's* requirement of facial plausibility.  *See E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 254 (2d Cir. 2014).  "Contrary to *Conley*'s 'no-set-of-facts' standard, which requires only that a complaint not *preclude* the viability of claims, *Twombly* and *Iqbal* require that a complaint *support* the viability of its claims by pleading sufficient nonconclusory factual matter to set forth a claim that is plausible on its face." *Id*. at 253.

did not err in dismissing Butts' Section 1983 discrimination claims against Kelch and Davis.

To state a claim for a hostile work environment, a plaintiff must allege conduct that "(1) is objectively severe or pervasive—that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [membership in a protected class]." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (citation modified).

Butts argues that the district court inappropriately viewed the allegations in isolation. We disagree. Considering all of Butts' allegations as a whole and drawing all reasonable inferences in her favor, we agree with the district court that Butts failed to allege sufficient facts to state a claim for hostile work environment. The incidents she alleged, even viewed together, do not constitute an objectively abusive environment. Moreover, while "[f]acially neutral incidents may be included . . . among the totality of the circumstances that courts consider in any hostile work environment claim," *Alfano v. Costello*, 294 F.3d 365, 378 (2d Cir. 2002) (internal quotation marks omitted), Butts failed to allege facts that plausibly suggest any of the Defendants' alleged conduct was because of her membership in a protected class.

## II.     Retaliation Claims

For a Section 1983 retaliation claim to survive a motion to dismiss, "the plaintiff must plausibly allege that: (1) defendants acted under the color of state law, (2) defendants took adverse employment action against him, (3) because he complained of or otherwise opposed discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 91 (2d Cir. 2015). "Retaliation occurs when an employer takes action against an employee . . . because he engaged in protected activity—complaining about or otherwise opposing discrimination." *Id.*

Butts alleges that Kelch and Davis retaliated against her for complaining about violations

of students' Individualized Education Programs, which she believed to be a violation of the students' rights. The district court concluded that Butts failed to state a claim for retaliation under Section 1983 because disability-based retaliation claims are not cognizable under Section 1983. We agree.

Butts argues that she has nonetheless alleged a retaliation claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203(a), which, she says, she was not required to expressly invoke in her complaint. But even assuming *arguendo* that Butts need not reference the ADA in her complaint to state an ADA claim, her retaliation claims against Kelch and Davis are nonetheless defective because the retaliation provision of the ADA does not provide for individual liability. *See Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010). As to her claim against the DOE, even if this claim has not been waived, it too fails because Butts has not plausibly alleged a causal connection between the alleged protected activity and any alleged adverse employment actions taken against her. *See Fox v. Costco Wholesale Corp.,* 918 F.3d 65, 72–73 (2d Cir. 2019).

## III. Dismissal of Plaintiff-Appellant's LMRA Claims

Finally, the district court properly dismissed Butts' LMRA claims under Rule 12(b)(6) for failure to state a claim. *See Green v. Dep't of Educ. of N.Y.C.,* 16 F.4th 1070, 1075-76 (2d Cir. 2021) (concluding that public employees are not covered by the LMRA and that dismissal on this basis is properly categorized as a failure to state a claim rather than lack of jurisdiction). Therefore, the district court was not required to remand Butts' LMRA claims.

5

*    *    *

We have considered Butts' remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk